## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN STUECKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-CV-805-JAR |
| | ) | |
| CLERK OF COURT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Marvin Stuecken for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the completed application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either

in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## The Complaint

Plaintiff seeks monetary relief in this action against defendants Clerk of Court and Attorney General of the United States.  Plaintiff alleges that he has failed "to receive reimbursement for building [a] ramp (wheel chair) on [his] home."  As the basis for this Court's jurisdiction, plaintiff cites "42 C.F.R. § 422.608 part 405."

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed under § 1915(e)(2)(B).  Title 42 C.F.R. § 422.608 provides: "Any party to the hearing . . . who is dissatisfied with the ALJ hearing decision, may request that the MAC [Medicare Appeals Council] review the ALJ's decision or

dismissal. The regulations under part 405 of this chapter regarding MAC review apply to matters addressed by this subpart to the extent that they are appropriate." Title 42 C.F.R. § 422.608 does not provide Federal District Courts with jurisdiction over plaintiff's claims; this Court is not the Medicare Appeals Council. Moreover, plaintiff has failed to assert any facts or claims against either of the two named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED**, as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 22nd day of May, 2013.


_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**